# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | |
|---|---|
| Gene W. Doeling, Bankruptcy Trustee for John J. Vranicar and Katie D. Vranicar, | ) ) ) ) |
| Plaintiff, | ) ) **ORDER AFFIRMING** ) **BANKRUPTCY COURT** ) |
| vs. | ) ) |
| John J. Vranicar and Katie D. Vranicar, | ) Case No. 1:12-cv-029 ) ) |
| Defendants. | ) |

Bankruptcy trustee Gene Doeling appeals from a the decision of Bankruptcy Court. The trustee contends the Bankruptcy Court erred when it denied the trustee's objection to the debtor utilizing both the exemption found in N.D.C.C. §§ 28-22-02(10) (to exempt equity in a mobile home in lieu of the homestead exemption) and 28-22-03.1(1) (the exemption of $7,500 available in lieu of the homestead exemption). For the reasons set forth below, the Court affirms the decision of the Bankruptcy Court.

The issue presented is whether North Dakota law permits a bankruptcy debtor to claim an exemption for a mobile home combined with a $7,500 personal property exemption, in lieu of taking a homestead exemption. John Vranicar and Katie Vranicar, the bankruptcy debtors, did not take the homestead exemption provided for under North Dakota law. Instead, and in lieu of taking the homestead exemption, the Vranicars claimed exemptions for their mobile home <u>and</u> the sum of $7,500. The trustee objected to the Vranicars' claim for exemptions which was denied. On appeal, the trustee contends that a bankruptcy debtor may not exempt both a mobile home and the sum of $7,500, in lieu of the homestead. The Court disagrees.

North Dakota law allows debtors in a Chapter 7 bankruptcy proceeding to exempt certain assets from judicial process. One of the "absolute exemptions" is the homestead exemption. A "homestead" in North Dakota is essentially a dwelling along with the land the dwelling sits on. N.D.C.C. § 47-18-01 defines the exemption available for the homestead:

> The homestead of any individual, whether married or unmarried, residing in this state consists of the land upon which the claimant resides, and the dwelling house on that land in which the homestead claimant resides, with all its appurtenances, and all other improvements on the land, the total not to exceed one hundred thousand dollars, over and above liens or encumbrances or both. The homestead shall be exempt from judgment lien and from execution or forced sale, exempt as otherwise provided in this chapter. The homestead may not embrace different lots or tracts of land unless the lots or tracts of land are contiguous. For purposes of this section, "contiguous" means two or more tracts of real property which share a common point or which would share a common point but for an intervening road or right of way.

A debtor may exempt their homestead from a bankruptcy proceeding up to the sum of $100,000. N.D.C.C. § 28-22-02(7). A debtor may also exempt a mobile home occupied as a residence if the homestead exemption available under N.D.C.C. § 47-18-01 is not used.

> The mobile home exemption is set forth as follows:
>
> In lieu of the homestead, and subject to the same value limitations that exist with respect to the homestead exemption, any housetrailer or mobile home occupied as a residence by the debtor or the debtor's family, except that it is not exempt from process, levy or sale for taxes levied on it pursuant to chapter 57-55. This section does not preclude the debtor from claiming a mobile home as a dwelling house as part of the homestead.

N.D.C.C. § 28-22-02(10). Thus, a debtor may claim a mobile home as part of the homestead exemption because the law "does not preclude the debtor from claiming a mobile home as a dwelling house as part of the homestead." Id. However, if the debtor does not use the homestead exemption, a debtor may exempt a mobile home in lieu of the homestead, subject to "the same value limitations that exist with respect to the homestead exemption." Accordingly, a bankruptcy debtor may exempt

a mobile home up to the sum of $100,000, either as part of the homestead exemption or in lieu of the homestead.

Under a separate statute, a bankruptcy debtor may also exempt the sum of $7,500 in lieu of the homestead exemption. N.D.C.C. § 28-22-03.1(1). The relevant North Dakota statute provides as follows:

> In addition to the exemption from all attachment or process, levy and sale upon execution, and any other final process issued from any court, otherwise provided by law, a resident of the state may select:
>
>> 1. In lieu of the homestead exemption, up to seven thousand five hundred dollars. This exemption is not available if the resident exemption claimant, the spouse of the resident exemption claimant, or other head of the family of the resident exemption claimant has chosen the homestead exemption provided for under subsection 7 of section 28-22-02.

N.D.C.C. § 28-22-03.1(1). This statute makes it clear that the $7,500 exemption is not available when the debtor, the spouse of the debtor, or other head of the family "has chosen the homestead exemption provided for under subsection 7 of section 28-22-02." Id. In other words, a debtor may exempt the sum of $7,500 in lieu of the homestead exemption provided for in N.D.C.C. § 28-22-02(7).

The Vranicars claimed an exemption for their mobile home and $7,500 in lieu of the homestead exemption. The trustee contends that North Dakota law does not permit these exemptions. The trustee cites case law holding that a debtor may not take a homestead exemption and the $7,500 exemption pursuant to N.D.C.C. § 28-22-03.1(1). In re Ptacek, 78 B.R. 986, 990 (Bankr. D.N.D. 1987). By analogy, the trustee contends that because a debtor may not take both a homestead exemption and the $7,500 exemption, a debtor in bankruptcy should not be permitted to claim the mobile home exemption and the additional exemption of $7,500. However, the pertinent

North Dakota statutes explicitly provide that debtors may claim exempt property "in lieu of the homestead."

The primary goal when interpreting a statute is to ascertain the legislative intent. Clayburgh v. Am. West Comty. Promotions, Inc., 2002 ND 98, ¶ 14, 645 N.W.2d 196. The court must give statutory terms their plain meaning, unless the context dictates otherwise or a term is defined by statute. N.D.C.C. § 1-02-02. When the language of a statute is clear, the court may not disregard the plain meaning as a pretext for pursuing the legislative intent because intent is presumed clear from the face of the statute. Am. West, 2002 ND 98, ¶ 14.

The relevant statutes clearly reveal the North Dakota Legislature intended to distinguish a "mobile home" from "the homestead." The law has defined the term homestead to essentially mean the dwelling along with real estate the dwelling rests on. N.D.C.C. § 47-18-01. A mobile home may be part of a homestead. North Dakota law permits a debtor to claim a mobile home as part of the homestead exemption. See N.D.C.C. § 28-22-02(10) ("This section does not preclude the debtor from claiming a mobile home as a dwelling house as part of the homestead."). However, a mobile home is not necessarily a homestead. More important, the North Dakota law recognizes that a mobile home need not necessarily be a homestead by explicitly permitting a debtor to claim a mobile home exemption "in lieu of the homestead." N.D.C.C. § 28-22-02(10). The plain meaning of the phrase "in lieu of" supports the interpretation that the Legislative Assembly of North Dakota has distinguished a mobile home from the homestead.

A bankruptcy debtor may exempt "[i]n lieu of the homestead, and subject to the same value limitations that exist with respect to the homestead exemption, any housetrailer or mobile home occupied as a residence by the debtor or the debtor's family[.]" N.D.C.C. § 28-22-02(10). The

phrase "in lieu of" is commonly defined as "in the place of : instead of."  Merriam-Webster.com (available at http://www.merriam-webster.com/dictionary/lieu, last visited July 18, 2012).  The Court finds that the law clearly distinguishes a "mobile home" from "the homestead" within Chapter 28-22 of the North Dakota Century Code.  Thus, it is clear the Vranicars may claim an exemption for their mobile home <u>and</u> the sum of $7,500, in lieu of utilizing the homestead exemption.

North Dakota law also provides that a debtor, like the Vranicars, may exempt $7,500 "in lieu of the homestead exemption," then goes on to further specify "[t]his exemption is not available if the resident . . . has chosen the homestead exemption provided for under subsection 7 of section 28-22-02."  N.D.C.C. § 28-22-03.1(1).  The law explicitly uses the term "the homestead," and cites N.D.C.C. § 28-22-02(7), the homestead exemption statute.  The law is silent with respect to the mobile home exemption.  Although the statute does not include the term mobile home or mention the mobile home exemption, the trustee suggests the Legislature meant "mobile home" by stating "the homestead."  The Court finds this suggested interpretation to be unpersuasive.  North Dakota law clearly distinguishes between a mobile home and the homestead.  The Vranicars claimed an exemption for their mobile home in lieu of the homestead exemption.  Nothing in the text of the relevant statutes suggests the Vranicars are precluded from also claiming the $7,500 exemption "in lieu of the homestead."  The Court finds the legislative intent is clear on the face of N.D.C.C. §§ 28-22-02(10) and 28-22-03.1(1) in that the Vranicars may exempt their mobile home and $7,500 in lieu of taking a homestead exemption.

The Court finds the Bankruptcy Court properly rejected the bankruptcy trustee's objection to the Vranicars' exemption claims. The Court affirms the Bankruptcy Court's decision.

**IT IS SO ORDERED**.

Dated this 1st day of August, 2012.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court